## In re Anonymous No. 47 D.B. 77

Disciplinary Board Docket no. 47 D.B. 77.

UNKOVIC, *Board Member*, May 22, 1978—

### IMPOSITION OF PRIVATE DISCIPLINE

The above action was heard by a hearing committee [   ] under the abbreviated procedure—Rule of the Disciplinary Board 89.181. The hearing committee, by its chairman, [   ], made a written report to the Disciplinary Board of the Supreme Court of Pennsylvania. There was a finding that there had been a violation by respondent of Disciplinary Rule 5-104(A):

"(A) A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure."

Upon review of the report of the hearing committee, the disciplinary board approved the finding of "private admonition" (sic)* recommended by the

---

*Private reprimand, Rule 204(5) Pa.R.D.E.

said hearing committee and not objected to by either the staff counsel or by respondent-attorney.

Respondent entered into a business transaction with his clients without informing his clients that they should consult other counsel. This having been an abbreviated procedure, the only facts upon which the board can rely are those set forth in the letter of March 22, 1978, written by the chairman of the hearing committee, together with the exhibits. The hearing committee found inter alia as follows:

"The evidence received at the hearing disclosed that in 1975 the respondent and an associate entered into a business transaction with clients of respondent which involved an option to purchase the clients' real estate. To evidence the transaction, respondent prepared and all parties signed a three-page memorandum of land option agreement, an eight page land purchase option agreement and a two-page power of attorney, which, according to respondent's own testimony, required two hours of explanation to his clients and which respondent was not able to explain fully to the hearing committee. Respondent did not inform his clients they should consult other counsel, and the clients clearly expected respondent to exercise his professional judgment for their protection and were relying on him throughout.

"There was no evidence of deliberate deception or deceit and no evidence that the clients sustained any loss as a result of this violation."

It is evident that lawyers, even with the best of intentions, may find themselves in violation of the Code of Professional Responsibility, if they acquire an interest in litigation with a client.